IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,  Civil No.: 8:19-cv-01204

                Plaintiff

-v-

Jennifer Warren
308 Aquahart Road
Glen Burnie, MD 21061

John Doe, Mary Roe, and XYZ Corporation
26 Dublin Avenue
Gouverneur, NY 13642

_____
_____

AMENDED ORDER FOR
JUDGMENT OF FORECLOSURE AND SALE

    On the original Summons and Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the Defendants in this action, and upon the Affirmation of Sherri J. Smith, by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now upon the motion of the United States, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 26 Dublin Avenue, Hailesboro, NY 13642, New York, a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

The name and phone number of the servicer for the Plaintiff is: United States Department of Agriculture, 1-800-414-1226.

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction at the <u>St. Lawrence County Supreme Court, St. Lawrence County Courthouse, 48 Court Street, Canton, NY 13617</u> by and under the direction of Yanci R. Herboldt, Esquire, 4332 Heritage Drive, Apt. B05, Liverpool, NY 13090-2037, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231; and it is further

The Appointed Referee shall give public notice of the time and place of sale as follows:

That the Appointed Referee cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Jennifer Warren
6631 Allview Drive
Columbia, MD 21046

John Doe, Mary Roe, XYZ Corporation
26 Dublin Avenue
Gouverneur, NY 13642

That the Appointed Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Saint Lawrence County, New York where the premises are located;

That the Appointed Referee cause the Notice to be published once weekly for four consecutive weeks in the __Daily Courier-Observer__ and _Watertown Daily News____ two newspapers of general circulation published in Saint Lawrence County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 26 Dublin Avenue, Hailesboro, NY 13642

The Plaintiff or any other party to this action may become a purchaser on such sale.

The Appointed Referee shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, Appointed Referee's fees and commissions on the said sale not exceeding, however, the sum of $500.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, The sum of $98,870.09 with interest continuing thereon at the rate of 4.00% per annum from Oct. 13, 2021 to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same and an award of attorney's fees in the amount of $3,875.00 with interest on the award of attorney's fees continuing from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a).

THAT in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to an acquired by the Plaintiff and a valid assignment thereof filed with the Appointed Referee, the Appointed Referee shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon

payment to the Appointed Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Appointed Referee, upon delivery to it of said Appointed Referee's deed, the amount of said surplus; and that the Appointed Referee then shall make the payments as herein directed.

That the Appointed Referee take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the Appointed Referee make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Appointed Referee specify the amount of such deficiency in the Appointed Referee's Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the Appointed Referee's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title,

interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto as Schedule A, as previously stated herein

IT IS SO ORDERED

DATED:   January 24, 2022

_____
David N. Hurd
U.S. District Judge

# SCHEDULE A

**ALL THAT TRACT OR PARCEL OF LAND** situate northeasterly of State Highway 58, in the Town of **FOWLER**, County of St. Lawrence and State of New York bounded and described as follows:

**BEGINNING** at a point in the center of Dublin Avenue where the same is intersected by a southwesterly boundary of a Railroad being lands of New York Central Lines, LLC. (Inst. No. 1999-22278) said point also being situate on a magnetic bearing of S63°42'30"W a distance of 186.86 feet as measured along the center of the said road from the most northerly corner of lands of Donna D. Lancto (Inst. No. 2006-9364) and running:

1) thence southeasterly along a curve concave to the northeast with a radius of 851.26 feet an arc distance of 65.63 feet, said curve having a chord bearing of S 37°31'58" E and a chord distance of 65.61 feet along the southwesterly boundary of said railroad lands to a found iron pin at the northerly corner of lands of David C. Geer and Karen L. Geer (Inst. No. 2004-21536);
2) thence continuing southeasterly along said southwesterly boundary of said railroad and continuing along said curve an arc distance of 193.34 feet, said curve having a chord bearing of S 46°14'52" E and a chord distance of 192.93 feet to a found iron pin at the most easterly corner of the aforementioned lands of Geer;
3) thence S 63°19'54" W a total distance of 89.39 feet along a northwesterly boundary of lands of Carolyn T. Pistolesi, Marilyn A. Maine and Richard L. Tyler (Inst. No. 2004-3777) to an iron pin set in the northeasterly boundary of State Highway 58, said course passes over a found iron pin a distance of 62.70 feet at the southerly corner of the aforementioned lands of Geer;
4) thence N 65°02'30" W a distance of 21.55 feet along the northeasterly boundary of S.H. 58 to a found concrete highway monument;
5) thence northwesterly along a curve concave to the northeast with a radius of 3372.00 feet an arc distance of 205.49 feet, said curve having a chord bearing of N 64°18'16" W and a chord distance of 205.46 feet continuing along said northeasterly boundary of S.H. 58 to an iron pin set;
6) thence N 34°47'02" W a total distance of 73.37 feet to a point in the center of Dublin Avenue, said course passes over an iron pin set a distance of 25.15 feet southeasterly of the center of the road;
7) thence N 65°28'14" E a distance of 161.68 feet along the center of the said road to the place of beginning.

CONTAINING 0.77 acres of land more or less as surveyed September 29, 2010 by Johnathan G. Morrow L.S. No. 50752.

# SCHEDULE A

**SUBJECT TO** and with the benefit of all highways and all easements for public utilities heretofore granted on the premises.

The above described parcel is conveyed together with and subject to any easements, exceptions, rights, privileges, obligations, covenants and conditions of record.

Tax ID # 173.074-2-13